UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

GREGORY SMOKE,

                        Plaintiff,

  -against-                                          1:02-CV-0764
                                                                                   (LEK/RFT)

JO ANNE BARNHART,
COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.

**MEMORANDUM-DECISION AND ORDER**

Currently before the Court is a Motion for attorneys' fees pursuant Section 206(b) as amended of the Social Security Act (current version at 42 U.S.C. § 406(b)), filed on December 29, 2006, for the amount of $16,039.  Dkt. No. 12.

**I.**    **Background**

Plaintiff Gregory Smoke ("Plaintiff") retained Counsel Charles E. Binder ("Counsel") in this case on April 28, 2000.  Counsel agreed to represent Plaintiff in this matter before the Social Security Administration, the Appeals Council, and the District Court pursuant to a contingency fee agreement which, should Plaintiff be successful, would result in Counsel receiving 25% of all past due benefits.  Ultimately, Counsel was successful in his representation, and Plaintiff received benefits.

Counsel filed for payment for administrative time pursuant to 42 U.S.C. 406(a) and was awarded an administrative fee of $14,450.00.  Counsel is currently in receipt of a notice from the Social Security Administration indicating that $16,039.00 is still being withheld for anticipated

1

legal fees pursuant to 406(b) for time Counsel spent in District Court. Dkt. No. 12. Ex. A. On December 29, 2006, Counsel filed a Motion with this Court for the remaining attorneys' fees. Dkt. No. 12.

On November 13, 2006, Plaintiff sent a consent letter to this Court requesting approval of payment of $16,039 to Counsel. Dkt. No. 12., Ex. A. The letter states that Plaintiff, "thought a 25% contingent fee was reasonable then" and "still believe[s] it to be reasonable now." Dkt. No. 12., Ex. B.

**II.    Discussion**

Section 206(b) as amended provides that "[w]henever a court renders a judgment favorable to a claimant . . . the court may determine and allow as part of its judgment a reasonable fee . . . not in excess of 25% of the total past due benefits. . ." 42 U.S.C. § 206(b) (current version at 42 U.S.C. § 406(b)). Courts have interpreted this provision such that even if the fee is within the 25% boundary, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered. Gisbrecht v. Barnhart, 535 US 789, 805 (2002); Wells v. Sullivan, 907 F.2d 367, 372 (2d Cir. 1990).

However, the view has also been expressed that where there is a contingency fee agreement between the attorney and client, and that fee is within the 25% ceiling, it is entitled to deference. See Wells, 907 F.2d at 372 (holding that the District Court's determination of a reasonable fee must begin with the contingency agreement, and the court may reduce the amount called for *only* when it finds the amount to be unreasonable).

In determining whether a fee is reasonable, the Court should ensure that the contingency percentage is within the 25% cap, give due deference to the intent of the parties, consider whether

there has been fraud or overreaching in making the agreement, and consider whether the requested amount is so large as to be a windfall to the attorney. Wells, 907 F.2d at 372.

The Court notes that the fee at issue here is within the 25% cap set by Section 206(b), was consented to by the Plaintiff at the time he retained Counsel's services, and since Plaintiff still "believe[s] [the fee] to be reasonable now," there is no evidence of fraud or overreaching. Further, in light of Counsel's credentials and the success of Counsel in this case, the Court finds that $16,039 is not a fee so large as to amount to a windfall to the attorney. Therefore, the Court finds the fee of $16,039 to be reasonable and the Motion is granted.

### III.   Conclusion

Based on the foregoing discussion, it is hereby

**ORDERED**, that Plaintiff's Motion for attorney's fees (Dkt. No. 12) is **GRANTED**; and it is further

**ORDERED**, that the Clerk serve a copy of this order on all parties.

**IT IS SO ORDERED.**

DATED:      July 02, 2008
            Albany, New York

_/s/ Lawrence E. Kahn_
Lawrence E. Kahn
U.S. District Judge